# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: July 7, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DEBORAH N. COLEMAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-1476V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Ruling on Entitlement; Uncontested; |
| AND HUMAN SERVICES, | * | Influenza (Flu); Guillain-Barré |
| | * | syndrome (GBS). |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Elizabeth M. Muldowney*, Sands Anderson, PC, Richmond, VA, for petitioner.
*Nancy Tinch*, United States Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

On May 19, 2020, Deborah N. Coleman ("petitioner") filed a petition for compensation ("Petition") in the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination on October 14, 2016. Petition (ECF No. 1) at 1.

On July 7, 2021, respondent filed a report pursuant to Vaccine Rule 4(c), in which respondent avers that petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("the Table") and the Qualifications and Aids to Interpretation ("QAI") which afford petitioner a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause. Respondent's Report ("Resp. Rp't") (ECF No. 33) at 5 (citing 42 C.F.R. §§ 100.3(a)(XIV)(D), (c)(15)). While not expressly

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this unpublished opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the opinion. *Id*. **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id*.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

stated by respondent, the record demonstrates that petitioner's claim was timely filed, she is eligible for compensation, and her injury is sufficiently severe because she suffered residual effects and/or complications of her GBS for more than six months after the administration of the vaccine.

      A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. § 13; Vaccine Rule 8(d). In light of respondent's recommendation and my own review of the record, petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

      **IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master